THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COM· PANY *vs.* MORRIS.*

Where suit was brought on a policy of insurance, the declaration alleging that the insured had complied with its conditions, and one ground of defence was, that the policy and the application on which it was based contained a provision that the insured should keep a set of books showing a record of his business, including all purchases and sales, as well as a copy of the last inventory, to be kept in an iron safe or removed from the store at night, which the insured failed to do, and the books and inventory were lost or destroyed, rendering it impossible to ascertain the extent of the loss; and where it appeared that the policy, containing such a provision, was issued upon the application and was received and held by the insured until the loss occurred, whereupon he made proof and claimed payment; in the absence of any allegation that there was no such condition, or that it was inserted by fraud, accident or mistake, or of ignorance that it was in the policy, or of any explanation why he was not bound by it, or any prayer for a reformation of the contract, it was error to admit parol testimony of the plaintiff to the effect that he did not make the answer· set out in the application, promising to keep his books in an iron safe or remove them from the store at night, but declined to make such promise.
February 18, 1888.

Insurance. Contracts. Evidence. Before Judge SMITH. Muscogee Superior Court. May Term, 1887.

Reported in the decision.

PEABODY, BRANNON, & BATTLE, for plaintiff in error.

*BLECKLEY, C. J., was providentially prevented from presiding in this case.

L. F. GARRARD, for defendant.

SIMMONS, Justice.

It appears from the record in this case that Frank P. Morris brought his action against the Liverpool & London & Globe Insurance Company on a fire insurance policy, wherein he alleged that, on the 9th of October, 1885, the defendant agreed for a stipulated sum to insure him against loss by fire to a certain frame building and the stock of goods therein, situated about nine miles from Stinson, in the county of Meriwether, for the full term of one year from the date thereof; that on the night of the 17th of January, 1886, said building and the goods contained therein were totally destroyed by fire, and that on the 18th of January. 1886, he gave notice in writing to the defendant of said loss, and on the 2d of February, rendered on oath to the defendant due and legal proof of said loss and demanded payment therefor, which was refused by the defendant; that more than sixty days had elapsed, after due notice and proof of loss were given to the defendant, before the commencement of this action, and that more than sixty days had elapsed since demand was made on the defendant to pay the loss, and an absolute refusal had been made by the defendant to pay the same. He further alleged that the loss was occasioned without fault or negligence on his part, and that he had complied with and performed all the conditions of the policy, whereby the defendant became liable to pay, and in consideration thereof assumed and promised to pay, said loss when thereunto requested; and that the defendant, its said promises and undertaking not regarding, has never performed the same when so demanded; to the damage of the petitioner $2,000. A copy of the insurance policy was attached to the declaration. Among other stipulations in the policy was the following:

"It is understood and agreed that the assured shall keep a set of books showing a record of his or their business, including all pur-

chases or sales, both for cash or credit, as well as a copy of last inventory, to be kept in an iron safe or removed from the store at night."

The defendant filed two pleas to this action; the first was the general issue, the second was as follows :

" And for further plea in this behalf this defendant says that the plaintiff ought not to have and maintain his aforesaid action against it, because this defendant made and issued the policy of insurance set forth and described in the plaintiff's declaration, upon the application and request of the plaintiff, in which said application it was understood and agreed that the assured should keep a set of books showing a record of his business, including all purchases or sales, both for cash or on credit, as well as a copy of the last inventory taken by the assured of his stock of goods previous to the issuance of the said policy ; and that the assured would keep said set of books and copy of inventory in an iron safe, or that he would remove the same from his store at night. And this defendant says that said agreement was included in and made a part of said policy of insurance, and that said policy was so made and issued by this defendant upon the faith of said understanding and agreement made by the plaintiff ; and that the plaintiff failed and neglected to keep and perform his said agreement, but on the other hand, did not and would not keep said books and a copy of said inventory in an iron safe, and did not and would not remove the same from the storehouse of the plaintiff at night, but did carelessly and negligently leave said books and copy of inventory in said store at night, the same not being kept in an iron safe, or otherwise kept in such manner as to preserve them against fire ; that said books and copy of inventory were left in said store at the time of the fire which consumed said store, and in the night time ; whereby said books and copy of inventory were entirely lost and destroyed ; that the object and purpose of said understanding and agreement was, that said books and copy of inventory might be preserved in case the storehouse should be destroyed by fire and the goods therein burned, so that the amount and value of the goods as contained in said store, and which were covered by said policy, might be ascertained ; that by reason of the destruction of said books and copy of inventory, it is not possible to ascertain the extent of the loss of the plaintiff, or the amount due and payable on said policy."

Upon the trial of the case, the jury, under the charge of court, found a verdict for the plaintiff; and the defendant moved for a new trial upon the several grounds contained in the motion, which was overruled, and he excepted. The 10th, 11th, 12th and 13th grounds complain that the

court erred in admitting, over the objection of the defendant, the sayings of the plaintiff and the agent of the defendant pending the negotiations for this policy of insurance. Before the application made by the plaintiff for this insurance policy was put in evidence by the defendant, the plaintiff sought to attack it and to show that he did not make the answer set out in said application, wherein it was stated that he promised to keep his books in an iron safe or else carry them home at night, but that, on the contrary, he declined to make the promise contained in the application to this effect. To this testimony the defendant objected, and the objection was overruled by the court and the witness permitted to answer the questions, and to state that when the application was presented to him by the agent of the defendant, he refused to make said promise.

It appears, from the testimony in this case as disclosed by the record, that this application was made on the 9th of October, 1885 ; that shortly thereafter, the company accepted the application and issued the policy, and it was delivered to the plaintiff; that he accepted it and kept it until the fire occurred and his property was destroyed; whereupon he gave the notice required by the policy, and made out a proof of loss. The company having refused to pay the same, he brought suit upon the policy, and alleged in his declaration that he had complied with all the terms and conditions of the policy. He did not allege that there was no condition in the policy to the effect that he was to keep his books in an iron safe or remove them from the store at night, or that, if such a condition was in the policy, it was put there by fraud, accident or mistake, or that he had no knowledge of the condition's being in the policy. Nor did he seek in his declaration in any way to avoid said condition, or to explain why he was not bound by it, or to reform the instrument so that the condition might be stricken out and the instrument be made to speak the truth as he understood

it and claimed it to be. No allegations of this sort being in his declaration, we hold that the court committed error in allowing parol testimony to show that he did not agree to this condition, and that he was not bound thereby. Instead of making allegations explaining or showing why he was not bound by this condition, he brought his action on the policy, setting out this condition therein, and alleging that he had complied with it. We do not think, therefore, that he could attack it in the manner he was allowed to in the court below; especially as he had laid no foundation, by proper pleading, for the admissibility of the parol testimony which he was allowed by the court to introduce to the jury.

Judgment reversed.